## No. 188
HYVIEW REALTY CO. v. LAKE CITY MGE. CO.

No. 19501.   Supreme Court

On motion to order Cuyahoga Appeals to certify.   Dock. Dec. 19, 1925; 4 Abs. 24.

1123.   SUBROGATION—Does the doctrine of subrogation apply where mortgages are cancelled with knowledge that, by so doing, priority will be obtained over an existing judgment lien?

The Hyview Realty Co. had a judgment lien for more than $4000 against the property involved in this case.   The Lake City Mortgage Co. delivered to its agent the Land Title & Abstract Co. some $13,050 with instructions to pay same to order of Laura and Charles Day when the Abstract Co. was ready to certify title, and to show by its certificate, the mortgages of the Mortgage Co. as first and second liens.

The Absract Co. paid over the money though it is claimed it knew the Realty Company's judgment lien was of record, and that it recorded cancellation of the mortgages which were ahead of the judgment lien, thus making said lien prior to the mortgages of the Mortgage Co.

In the Cuyahoga Common Pleas it was held that the Mortgage Co. was entitled to be subrogated to the mortgages that had been cancelled and thus to obtain priority over the judgment lien.   This judgment was affirmed by the Court of Appeals.

On motion to certify it is claimed that there can be no subrogation where mortgages are cancelled, with knowledge that by so doing priority will be obtained by an existing judgment lien.

It is claimed that the Mortgage Co. is not entitled to subrogation for the purpose of defeating the judgment lien since it had notice of the Realty Company's judgment lien.   It is further contended that an intending purchaser

or mortgagee of real estate relies and acts at his peril upon the recitals of an abstract made of the title to such real estate.

The Realty Co. contends that the judgment was a matter of record and all subsequent purchasers are deemed to have notice of it and to have taken the land subject to such judgment lien. Ordinary care requires an examination of the records and where persons neglect to avail themselves of the appointed means of information, they are not in a good position to appeal for equitable relief, as equity does not encourage or reward negligence.

Attorneys—David Perris for Realty Co.; S. A. Davies for Mortgage Co.; both of Cleveland.